**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Frank SESMA–BAGUE, a.k.a. Frank Sesma, Defendant–Appellant.**

**No. 15–11315**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 3, 2016.

Wifredo A. Ferrer, Emily M. Smachetti, Frank Tamen, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Richard Lawrence Rosenbaum, Law Offices of Richard Rosenbaum, Fort Lauderdale, FL, for Defendant–Appellant.

Before TJOFLAT, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Frank Sesma–Bague appeals his conviction and mandatory minimum 120–month sentence, imposed after he pled guilty to one count of conspiring to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii). Sesma–Bague contends the district court erred by failing to *sua sponte* order a competency hearing and by finding Sesma–Bague ineligible for "safety-valve" relief under 18 U.S.C. § 3553(f). After review,[1] we affirm.

---

1. We review for abuse of discretion a district court's failure to *sua sponte* order a hearing on the defendant's competency. *United States v. Wingo*, 789 F.3d 1226, 1236 (11th Cir.

The district court did not abuse its discretion by failing to *sua sponte* order a competency hearing for Sesma–Bague. Although the record indicates that Sesma–Bague suffers from mental health issues, nothing in the record suggests that Sesma–Bague was incompetent to plead guilty. *See Wingo,* 789 F.3d at 1234–35 (quoting *Drope v. Missouri,* 420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975)) (citations omitted) ("Competence to proceed to trial or to enter a guilty plea requires the defendant to possess the 'capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense.' "). The district court questioned Sesma–Bague during his change of plea colloquy and held that Sesma–Bague was competent to plead guilty, calling Sesma–Bague "intelligent and alert." Sesma–Bague's statements at his sentencing hearing also indicate that Sesma–Bague both understood the charges against him and in fact assisted his counsel's defense. Finally, the record is bereft of any opinion, medical or lay, questioning Sesma–Bague's competence. *Compare, e.g., Wingo,* 789 F.3d at 1237 ("At least three medical doctors expressed serious doubts about Wingo's competence."). Under these facts, the district court did not abuse its discretion by failing to *sua sponte* order a competency hearing.

The district court did not clearly err in holding that Sesma–Bague failed to meet his burden of proving his entitlement to "safety-valve" relief. *United States v. Carillo–Ayala,* 713 F.3d 82, 88 (11th Cir. 2013) (quotation omitted) ("[18 U.S.C. § 3553(f)(2) ] requires the defendant to show that he did not use violence or credible threats of violence or possess a firearm or other dangerous weapon ... in connec-

tion with the offense."). Although Sesma–Bague contended that the gun he showed to undercover agents was not real, both agents-one of whom held the gun-testified otherwise. The district court was entitled to credit the testimony of the agents over that of Sesma–Bague and conclude that the gun was real. *See United States v. Pham,* 463 F.3d 1239, 1244 (11th Cir.2006) (quotation omitted) ("We afford substantial deference to the factfinder, in this case, the district court, in reaching credibility determinations with respect to witness testimony."). Likewise, the district court did not clearly err in concluding that Sesma–Bague's selling methamphetamine while contemporaneously possessing the gun constitutes use in connection with the offense, particularly given testimony that Sesma–Bague planned to use the gun to deter other drug dealers from invading his territory. *See Carillo–Ayala,* 713 F.3d at 96 (emphasis in original) ("[T]he presence of a gun within a defendant's dominion and control during a drug trafficking offense ordinarily *will* suffice to show possession during and in relation to the offense and, therefore, that the defendant possessed the firearm in connection with the offense.").

**AFFIRMED.**

2015). We review for clear error a district court's findings of fact and subsequent denial

of "safety-valve" relief. *United States v. Camacho,* 261 F.3d 1071, 1073 (11th Cir.2001).